Burke, J.
The issue on this appeal is whether testimony as to the claimed direct observations of a police officer which in a pretrial hearing was found legally insufficient to establish probable cause for entry into the defendants’ apartment and the seizure of policy slips therein may on their trial be admitted into evidence as the basis of convictions on charges of operating a policy business therein (former Penal Law, § 974).
The arresting officer testified on a pretrial motion that he observed about 15 persons enter a building located at 311 East 99th Street, that he followed four persons into the building and waited in line with them outside the open door of Apartment 11, that he saw money being given to the defendants and observed, from the corridor, slips of paper containing notations which in his opinion indicated “bets on mutuel race horse policy”.
Before trial the defendants moved to suppress the evidence obtained in the apartment and this motion was granted. No appeal was taken. Subsequently on the trial the police officer was allowed over defendants’ objection to give virtually the same testimony that he had given at the suppression hearing. The only additional testimony was that he heard bets being placed. We have determined that it Avas error to admit this testimony.
The test to be applied in determining probable cause was well stated in People v. White (16 N Y 2d 270, 273). There Chief Judge Desmond wrote: “ But we will remember that what we are talking about is not the proof beyond a reasonable doubt required for the conviction of a crime but reasonable ground or probable cause for making a search, that is, observations or information sufficient to move a reasonable man to conclude that a crime is being committed or attempted.” By this standard the testimony of the police officer at the instant suppres *17 sion hearing was sufficient, if credible, to establish that the officer had reasonable grounds to believe a crime was being committed by the defendants. (Cf. People v. Goldberg, 19 N Y 2d 460.) Therefore, the court’s finding that the officer lacked probable cause to enter the apartment, seize the slips and arrest the defendants could, absent an erroneous view of the law on the court’s part, only be based upon the court’s belief that the officer’s testimony was not to be believed. Since the motion to suppress was decided without opinion, and since we are not about to presume the hearing Judge held an erroneous view as to the applicable law, we are constrained to conclude that he did not in fact think the officer was telling the truth.
Under these circumstances we regard it as highly improper that evidence of this sort should be allowed into evidence and held, sufficient, with little more, by the Trial Judge to find guilt beyond a reasonable doubt. The People could have had the earlier determination that the officer was not to be believed reviewed not only on the law but on the facts, if they had taken an appeal. They chose, however, not to do this. Accordingly, they should not be allowed to once again use the very same evidence, this time on the more vital issue of the defendants’ guilt or innocence.
The circumstance that the officer on the trial gave additional testimony as to his overhearing bets cannot alter the fact that the defendants were seriously prejudiced by the admission of the evidence pertaining to his visual observations which was found wanting at the pretrial hearing. Without the latter, previously unbelieved testimony, his later testimony about overhearing bets would not suffice as a basis for finding the defendants guilty beyond a reasonble doubt. Furthermore, the officer’s later, additional testimony is highly suspect. One can only wonder why this highly relevant matter was not brought out on the suppression hearing, if, in fact, the officer did overhear bets being placed.
In the light of the highly questionable nature of the People’s evidence, we have concluded that defendants’ conviction ought to be reversed, the fines paid remitted and the information dismissed.