THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER CWIKLA, Appellant.

First Department, October 29, 1974.

*Daniel J. Brooks* of counsel (*William E. Hellerstein* and *William J. Gallagher*, attorneys), for appellant.

*Kenneth P. Olsen* of counsel (*Mario Merola, District Attorney*), for respondent.

*Per Curiam.* The defendant was convicted of the crimes of murder, manslaughter in the second degree, possession of a dangerous instrument as a misdemeanor and two counts of burglary in the first degree.

Although there was sufficient evidence to justify the jury's verdict, the prejudicial effect of cumulative errors deprived the defendant of a fair trial and accordingly, the judgment must be reversed and a new trial directed.

The heart of the defense rested upon the claim of alibi. In that connection several witnesses, including defendant's sister and a neighbor, testified that the defendant was at home on the evening in question. The witnesses' testimony also indicated that defendant's parents were at home on that evening. The parents, however, were not called to testify, a fact which troubled at least one juror who inquired of the court as to whether "defendant's parents were ever present at his trial." At that time the court properly informed the jury that the failure to call the parents should not be held against the defendant. Nevertheless, the next day, the prosecutor, in his summation, persisted in making references to the failure to call the parents to testify. Subsequently, upon conclusion of the court's charge, defendant's counsel requested curative instructions with respect to the prosecutor's comments, which request was denied on the ground that the court had previously so instructed the jury.

Of course, the prosecutor's comments on the failure to call the parents as witnesses were improper (see *People* v. *Mirenda*, 23 N Y 2d 439; *People* v. *Conklin*, 39 A D 2d 160; *People* v. *Figueroa*, 38 A D 2d 595), and since such remarks were directed to the crucial issue presented by the defense, they cannot be disregarded as harmless. Nor was the court correct in relying upon the admonition given to the jury on the previous day, for the prosecutor himself had disregarded the court's prior and correct ruling by continuing to emphasize the very point which the juror had raised.

Similarly, error was committed when the prosecutor, in his summation, referred to defendant as "stoneface" and invited the jury to observe the defendant and "size him up * * * like you sized up all the witnesses." Defendant, however, did not take the stand and such, in effect, constituted improper comment on the defendant's failure to testify.

Additionally, the court erred with respect to its charge concerning certain oral admissions allegedly made by the defendant to one of the arresting officers. Prior to the trial the defendant moved to suppress those statements and after a *Huntley* hearing the motion was denied. Subsequently, when the court charged the jury with respect to its function in determining whether the admissions were made and if so, whether they were voluntary, the court also stated that it had determined that they met "constitutional requirements and [I] have permitted it to be brought before you." Although the court's charge with relation to the jury's function concerning the alleged admissions was otherwise correct, nevertheless, the above remark made by the court could have influenced the jury and affected its ability to determine for itself the weight, if any, to be given such admissions (*People* v. *Stewart*, 25 A D 2d 483).

Finally, we note that error was committed with respect to the manner in which the main witness was permitted to testify. The witness, Cox, had been jointly indicted with defendant and on direct examination the People were permitted over objection, to establish that Cox had pleaded guilty to manslaughter and that he had not received any promises with respect to leniency. Although such was not improper, the court should have instructed the jury that the codefendant's plea had no probative value on this defendant's guilt (cf. *People* v. *Colascione*, 22 N Y 2d 65, 73). This error was further compounded. Although the People were permitted to emphasize the claim that the witness did not receive any promises, counsel for the defendant was thereafter unduly restricted in developing such issue and in eliciting from the witness whether he had any expectation that his testimony would result in lenient treatment.

Accordingly, the judgment rendered February 9, 1973 should be reversed on the law and a new trial ordered.

Nunez, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on February 9, 1973, unanimously reversed, on the law, and a new trial directed.