■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD INGRAM, Appellant.—Judgment, Supreme Court, New York County, rendered May 2, 1975, adjudicating defendant a youthful offender on the basis of a jury verdict finding him guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees, vacating sentences previously imposed August 9, 1974, and sentencing him to probation, reversed, on the law, and a new trial directed. The appeal from the order of said court, entered March 18, 1975, denying defendant's motion to vacate the judgment and dismiss the indictment, is dismissed as academic. Study of the record discloses the following errors: (1) the prosecutor improperly argued in summation that an acquittal would be tantamount to a finding that the police officers who testified for the People were guilty of perjury. Justification for the comment on the ground that it was a fair response to the defense summation is belied by the record; (2) the prosecutor improperly referred in summation to the defendant's failure to call a certain witness to corroborate his testimony as to what brought him to the street where the arrest was made (see *People v Cwikla,* 45 AD2d 584); (3) in its charge on reasonable doubt, the court used the "hearts and consciences" phraseology heretofore criticized as improper (see *People v Johnson,* 46 AD2d 123, 127, *People v Harding,* 44 AD2d 800, 801); (4) the charge concerning character evidence was not properly delivered. It is well recognized that "evidence of good character is a matter of substance; not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing. What weight shall be given to it is a question for the jury" *(People v Colantone,* 243 NY 134, 136). After correctly charging the jury on the effect of character evidence, the trial court unaccountably employed phraseology shifting the emphasis from a consideration of character evidence *with* all the other evidence in the case to one wherein even if the testimony of defendant's good character is believed it "cannot save him from the consequences of his crime." The correct rule was enunciated in *People v Trimarchi* (231 NY 263, 266): "Evidence of good character is not, of itself, sufficient to raise a reasonable doubt. Such evidence, in order to raise a reasonable doubt, must be believed by the jury. It then may, when considered with all the other evidence in the case, be sufficient to raise a reasonable doubt as to his guilt. This is upon the theory that good character may create a doubt against positive evidence, but this doubt against positive evidence is created only when in the judgment of the jury the character is so good as to raise a doubt as to the truthfulness of the positive evidence tending to establish guilt. In such case the defendant would be given the benefit of the doubt". (See *People v Miller,* 35 NY2d 65.) The above enumerated errors are such that taken in conjunction they patently deprived defendant of a fair trial as a matter of law. Finally, the

fact, as observed in the dissent, that the indictment in the case against Tyrone Seward was dismissed by another Judge, who, after examining the high-powered telescope used by the officers, found their testimony as to observations made incredible on a motion to suppress, has no legally concomitant relevance to the instant appeal. Parenthetically, the following common sense statements may be advanced relevant to that judicial examination: (1) the telescope was apparently not examined under conditions similar to those existing at the time of its use by the police officers, and (2) the qualifications and experience of the police officers in terms of the technical knowledge requisite to proper use of a high-powered telescope were most probably different from that of the Trial Judge. Concur—Stevens, P. J., Markewich, Lupiano and Lane, JJ.; Murphy, J., dissents in part in the following memorandum: Murphy, J. (dissenting in part). I would go further than my colleagues and also grant defendant's motion to vacate the judgment and dismiss the indictment. Defendant's conviction is predicated on the testimony of two police officers who claim they were able to observe certain suspicious activities engaged in by defendant and another, Seward, from their observation post in the fifth floor apartment of a nearby building with the aid of high-powered telescopes. Their attention was focused on the street scene in front of two adjoining buildings approximately 150 to 200 feet from their vantage point. Briefly stated, appellant and Seward were assertedly seen distributing glassine envelopes. Appellant was specifically arrested for the alleged sale of one glassine envelope to an individual who was arrested by the "back-up" team. The "buyer" was arrested and found in possession of one glassine envelope, but only after he was observed speaking to several unidentified individuals. The "buyer" later pleaded guilty to possession of narcotics as a misdemeanor and disappeared. A search of defendant and Seward uncovered no contraband. Defendant was convicted after the first trial ended in a mistrial because of the inability of the jury to reach a verdict. Moreover, the indictment against Seward was dismissed in an unappealed decision of another Judge who, after examining the telescope used by the officers, found their testimony incredible on a motion to suppress the same. Under the circumstances presented, and since Seward's arrest was based, essentially, on the same observations as those that led to appellant's arrest and conviction, a right sense of justice dictates that the instant indictment should also be dismissed. (Cf. *People v Zimbardo,* 21 NY2d 15.) Accordingly, the motion to vacate the judgment and dismiss the indictment should be granted.