■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TRAPPIER, Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Queens County, rendered May 6, 1975, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence (Indictment No. 3456/73), and (2) as limited by his brief, from a sentence of the same court, imposed May 16, 1975 (Indictment No. 1307/74). Judgment rendered May 6, 1975 reversed, on the law and the facts, and new trial ordered. Sentence imposed May 16, 1975 reversed, on the law, and action remanded to the Criminal Term for resentencing in accordance with the provisions of section 70.00 (subd 3, par [b]) of the Penal Law. As in *People v Gorham* (60 AD2d 892), the totality of the circumstances in this case did not establish, by clear and convincing evidence, that there was an independent basis for the complaining witness' in-court identification of the appellant (see *United States v Wade,* 388 US 218; *Stovall v Denno,* 388 US 293; *Neil v Biggers,* 409 US 188, 199-200; cf. *Simmons v United States,* 390 US 377). Moreover, some of the prosecutor's comments during his summation, to the

effect that acquittal would be a mockery and travesty of justice, were gratuitous and might have unduly prejudiced the jury (see *People v Garcia,* 40 AD2d 983). Hopkins, J. P., Latham and Cohalan, JJ., concur; Gulotta, J., concurs as to the reversal of the sentence imposed May 16, 1975, but otherwise dissents and votes to affirm the judgment rendered May 6, 1975, with the following memorandum: Unlike the situation involving the co-defendant Gorham (see *People v Gorham,* 60 AD2d 892), the appellant was seen clearly by the People's witness, Ralph Pryce, for at least several seconds, face-to-face and in broad daylight, while the appellant reached into his overcoat, drew a revolver and ordered the witness to hand over the package containing the company payroll. On these facts, I believe that the record contains clear and convincing evidence of an independent basis for the in-court identification of the appellant and that the suppression of such testimony is unwarranted. The jury having credited this testimony, the judgment of conviction should be affirmed.