■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHAAFF, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 1, 1978, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The prosecution's summation to the jury in this case was so improper and inflammatory that the defendant was denied a fair trial. In view of the less than overwhelming evidence of identification as to this defendant, the judgment of conviction must be reversed. In commenting on the failure of the investigating police officers to utilize photographic surveillance or electronic monitoring, the prosecutor said that such use would have put the officers in a position where they risked death or serious physical injury. The record fails to reveal any evidentiary support for this prejudicial assertion. With respect to the codefendant's testimony that the defendant was elsewhere when the crime was committed, the prosecutor stated: "I submit to you that his testimony was contrived and made up for the course of this trial * * * Wouldn't he lie for his friend Schaaff?" (see *People v Shanis,* 36 NY2d 697; *People v Burnside,* 52 AD2d 626). Finally, the prosecutor improperly argued in summation that an acquittal would be tantamount to a finding that the

police officers who testified for the People were guilty of perjury. Justification for the comment on the ground that it was a fair response to the defense summation is belied by the record (see *People v Ingram,* 49 AD2d 865). As an officer of the court, and as a representative of the People of the State, a prosecutor must refrain from summing up in a manner that denies the defendant his right to a fair trial. We have considered the other contentions raised by the defendant and find them to be without merit. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.