■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GOVAN BONAPARTE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 8, 1980, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In view of the closeness of the factual issue as to the identification of defendant by the sole complaining witness, we conclude that the numerous improper statements made by the prosecutrix during her summation had the cumulative effect of depriving defendant of a fair trial. The summation of the prosecutrix was replete with improper comments, including those discussed below. She made statements which may have conveyed to the jury the erroneous impression that they would have to find that the prosecution witnesses committed perjury in order to acquit defendant (see *People v Alston,* 77 AD2d 906; *People v Schaaff,* 71 AD2d 630; *People v Webb,* 68 AD2d 331). She then questioned why police officers would risk their pensions and risk being exposed by lying to obtain a conviction in a second degree robbery case (see *People v Webb, supra,* p 333). The prosecutrix also insinuated that the defense was pursuing an illegitimate strategy by exploiting the complainant's speech impediment, a conclusion for which there is no basis in the record. She assumed the role of an unsworn witness, testifying to facts dehors the record and presenting her opinion as to why other potential witnesses to the incident did not appear in court to testify (see *People v Wright,* 41 NY2d 172, 176; *People v Webb, supra,* p 334). Other comments, including a statement that the "criminal justice system might as well fold" if the jury found that the fear the complainant experienced during the incident prevented him from accurately identifying defendant, contained the implication that an acquittal would amount to a "mockery and travesty of justice" (see *People v Trappier,* 60 AD2d 896, 897; *People v Gorham,* 60 AD2d 892). Lastly, the prosecutrix made several inflammatory comments designed to elicit sympathy for the complainant. Since the prosecutrix persisted in making improper remarks, the prejudicial impact of the summation was not dispelled by the efforts of the Trial Judge to control the proceedings by sustaining objections raised by defense counsel and issuing curative instructions (see *People v Brown,* 91 AD2d 639, 640). In view of the close factual question as to the identification of defendant, we cannot conclude that there is no "significant probability" that the jury would have acquitted defendant absent the prejudicial remarks of the Assistant District Attorney (see *People v Crimmins,* 36 NY2d 230, 242; *People v Blackman,* 88 AD2d 620; *People v Schaaff, supra; People v Mims,* 59 AD2d 769). In addition, we note that the charge on identification delivered by the Trial Judge was insufficient to provide guidance to the jury in evaluating this major issue in the case. The Court's statement that the identity of the defendant "must be shown with sufficient certainty as to preclude a reasonable probability of mistake" incorrectly implied that the identification issue was governed by a lesser burden of proof than beyond a reasonable doubt. On retrial, the Trial Judge should apply the identification charge recommended by this court in *People v Daniels* (88 AD2d 392, 401-402) to provide the jury with further details as to the factors they should consider in evaluating the accuracy and reliability of the identification testimony. O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.