OPINION OF THE COURT
Fred W. Eggert, J.
The following constitutes the decision and order of the court.
This case presents the following question: If the foreperson of a jury becomes incapacitated during trial and is replaced by an alternate juror, does this alternate juror then serve as foreperson? Surprisingly no reported case has considered this question.
In the case at bar, during the midst of trial the foreperson of the jury became incapacitated and was discharged and replaced by the first alternate juror. Defendants now have an application to appoint regular juror number two as foreperson, rather than the former alternate.
There are three statutory provisions relevant to this issue. CPL 270.15 (subd 3) provides in pertinent part that: “The juror whose name was first drawn and called must be designated by the court as the foreman, and no special oath need be administered to him.” CPL 270.35 provides in pertinent part that “[T]he court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called”. CPL 310.40 contains the only functions of a foreperson provided anywhere in the *906 law, namely, to answer whether the jury has agreed upon a verdict and to announce the jury’s verdict.
In this case, defendants argue that since the original foreperson is the juror whose name was drawn first, then logically the replacement foreperson should be the regular juror whose name was drawn second. They are concerned about who becomes the foreperson because they believe that foreperson may become a strong “leader” during deliberations and his or her opinion may carry more weight than that of the other jurors. The defendants complain that they conducted their voir dire and exercise of challenges very carefully in order to steer an appropriate juror into the foreperson’s seat and that they took no such care in selecting the alternates. They argue that the next best thing would be to appoint regular juror number two as foreperson.
The plain meaning of the quoted language in CPL 270.35 is that the alternate replaces the discharged juror for all purposes, including assumption of the office of foreperson. If the Legislature wanted the second regular juror to assume the office of a discharged foreperson it could have provided that. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 94.)
Furthermore, to follow the plain meaning of the statute would work no injustice upon the defendants. The only function of the foreperson is the ceremonial duty of acting as the jury’s spokesperson. A foreperson has the same status as any other juror. He is not an officer of the court, he is not required to serve as a moderator or presiding officer during deliberations, and he has no authority or control over other jurors (50 CJS, Juries, § 287; 75 Am Jur 2d, Trial, § 932; see, also, McShall v Henderson, 526 F Supp 158). While some forepersons may act as leaders and some trial lawyers may take special care in selecting prospective forepersons (see, e.g., Kadish & Brofman, Criminal Law Advocacy, par 17.03 [3]; 6 Am Jur, Trials, p 977), the law recognizes no special status for the foreperson.
In this case there is no allegation that former alternate juror number one is less qualified than regular juror number two to pronounce the words “Guilty” or “Not Guilty”. *907 The application is denied and former alternate juror number one is appointed foreperson.