■ The People of the State of New York, Respondent, v Jerome Williams, Appellant. — Judgment affirmed. Memorandum: Defendant argues on appeal that he was deprived of a fair trial because of errors in the court's charge. We find no error with respect to the charge on accomplice testimony. Read as a whole, the charge correctly informs the jury that it is for them to decide whether there was sufficient corroboration of the accomplice testimony (see *People v Dixon,* 231 NY 111, 117). We agree that the court's charge on circumstantial evidence was erroneous but do not find that it deprived defendant of a fair trial in view of the accomplice's testimony as well as the fruits of the robbery seized from defendant's jacket (*People v Culhane,* 45 NY2d 757, cert den 439 US 1047; *People v Little,* 98 AD2d 752, 753). The error was of a nonconstitutional nature, and was harmless in view of the overwhelming proof of guilt (*People v Crimmins,* 36 NY2d 230, 241-242).

All concur, except Schnepp, J., not participating, and Green, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Green, J. (dissenting). I must dissent. Defendant, charged with robbery of a parking lot attendant, was deprived of a fair trial by a portion of the trial court's charge on circumstantial evidence. The attendant was unable to identify the defendant or his alleged accomplice who were apprehended by the police as they were fleeing from the scene. The accomplice, 16 years of age, pleaded guilty in exchange for the transfer of his case to Family Court and was the main witness against the defendant at trial.

In the charge concerning circumstantial evidence, the trial court stated: "Our law says before you can use circumstantial evidence there must be compliance with certain rules, established rules. First you must start out with direct evidence. You must not start out by making inferences. In this case the prosecution suggests there is direct evidence that Jerome Williams was on Mt. Hope Avenue. He was allegedly seen there and identified by certain police officers. The direct evidence must be sufficient to give rise to an inference logical, clear and strong. *Again I suggest to you the logical and clear and strong inference which can be drawn from this is that Mr. Williams was fleeing*

*from the robbery that allegedly occurred a short time ago"* (emphasis added). Defense counsel promptly took exception and preserved the issue for review (see CPL 470.05, subd 2).

The trial court's "suggestion" that defendant's flight was connected to the robbery constitutes reversible error. A Trial Judge must take great care to guard against the possibility that his opinion or suggestion might be seized upon by a jury and eventually prove decisive (see *People v Bell,* 38 NY2d 116, 120; *People v Mendes,* 3 NY2d 120, 121) "[s]ince the presence of the Judge is likely to be equated with the majesty of the law itself" (*People v De Jesus,* 42 NY2d 519, 524). Here, the trial court clearly usurped the fact-finding function of the jury by suggesting that the circumstantial evidence of defendant's flight was legally sufficient to establish defendant's guilt.

The United States Supreme Court has stated that such an instruction runs afoul of the due process clause because it has the effect of relieving the State of the burden of proof on a critical element of the charge: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact* necessary to constitute the crime with which he is charged." (*Matter of Winship,* 397 US 358, 364, quoted with approval in *Sandstrom v Montana,* 442 US 510, 520, emphasis in *Sandstrom.*)

The doctrine of harmless error is not available to the prosecution where the court's charge deprived defendant of his constitutional right to a fair trial (see *People v Mees,* 47 NY2d 997, 998; *People v Alicea,* 37 NY2d 601, 603-605; *People v Cwikla,* 45 AD2d 584, 585). As the Court of Appeals has observed in a similar context, "Not only the individual defendant but the public at large is entitled to assurance that there shall be full observance and enforcement of a cardinal right of a defendant to a fair trial. The appellate courts have an overriding responsibility, never to be eschewed or lightly to be laid aside, to give that assurance. So, if in any instance, an appellate court concludes that there has been such error of a trial court * * * or such other wrong as to have operated to deny any individual defendant his fundamental right to a fair trial, the reviewing court must reverse the conviction and grant a new trial, quite without regard to any evaluation as to whether the errors contributed to the defendant's conviction. The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right" (*People v Crimmins,* 36 NY2d 230, 238).

Accordingly, defendant's conviction must be reversed and a new trial granted. (Appeal from judgment of Monroe County Court, Bergin, J. — robbery, first degree, and other charges.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.