■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE E. TYLER, Appellant. — Casey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 12, 1983, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant argues on this appeal that his oral statements should have been suppressed because of the illegality of his detention. The initial stop of defendant was made by Albany Police Sergeant Michael De Marco based on a radio report that he had received from Officer Sean Keane, who was patrolling the Albany bus station. The information provided by Keane to De Marco was obtained from a motorist named Peter Rezey who had observed the activities of defendant and his two female companions at about 4:00 A.M. on June 16, 1983 near the corner of Broadway and State Street in the City of Albany, where the two females were pushing an 88-year-old man named Warren Hulsopple and defendant was standing nearby holding a flower pot. When he drove around the block to further investigate, Rezey saw defendant and the two females walking together on Pearl Street. Rezey drove to the bus station and informed Officer Keane of his observations. Keane's radio report of the incident was forwarded to Sergeant De Marco. De Marco proceeded to the scene and stopped the two women in the company of defendant, who was still carrying the flower pot.

Hulsopple was brought to the scene, but was unable to make an identification. Defendant and his two companions were then permitted to proceed. When they had walked several hundred yards down the street, Rezey again drove by and was stopped by the police who had arrived there. Rezey informed De Marco that he was a witness and that defendant and the two women, who were still in sight, were the individuals who had robbed Hulsopple. Thereupon defendant and the two women were again stopped. Rezey positively identified them and they were placed under arrest. Defendant was advised of his *Miranda* rights and stated that he understood them. Defendant then told Officer Keane, "I can take you and show you where the watch is. Just don't charge the two girls." Keane replied that he could not

release the women but that recovery of the victim's watch, which had been taken from the victim, would help. Thereupon, defendant and Keane searched for the watch and found it on Maiden Lane near the scene of the crime. During the search, defendant was questioned by Keane about his participation in the crime and stated that he was "just looking out" for the women.

We find meritless defendant's claim that these oral statements should have been suppressed. The initial stop of defendant was supported by the radio report of Officer Keane from the information given by Rezey. The report provided reasonable suspicion sufficient to justify the initial detention (*People v Cantor*, 36 NY2d 106). When the victim failed to identify the trio, they were immediately released and reapprehended only after Rezey supplied the additional information that he had witnessed the perpetration of the crime and made a positive identification of defendant and his two companions. This information provided probable cause for defendant's arrest (*People v De Bour*, 40 NY2d 210). Having been placed in custody, defendant was given his *Miranda* warnings and he waived his rights thereunder, rendering admissible the oral statements that he made and which were found to be voluntary by the trial court.

Prior to trial, the two women entered pleas of guilty to attempted robbery in the second degree and each was sentenced to 2⅓ to 7 years in prison. Both testified against defendant. At trial, defendant testified in his own behalf and denied participation in the crime, contending that he was legally blind and, therefore, could not act as a lookout. The trial court refused to take judicial notice of a New York statute defining blindness, but permitted an expert to state that defendant was legally blind and could probably see up to a distance of only 50 feet. On cross-examination, defendant was questioned about several of his previous convictions. At the close of the evidence, defendant requested that conspiracy in the fourth degree be charged as a lesser included offense. He also requested in specific language a charge on corroboration of an accomplice witness and on intoxication insofar as it negated defendant's intent to commit the crime charged, and also a clarification of Penal Law § 20.00. These requests were denied. Defendant was found guilty of robbery in the second degree and sentenced as a second felony offender to 7 to 15 years in prison.

We find no error in the trial court's refusal to charge conspiracy in the fourth degree, since that crime is not a lesser included offense of robbery in the second degree (Penal Law § 160.10 [1]). It is possible, in the abstract, to commit robbery in the second

degree without concomitantly committing conspiracy in the fourth degree (Penal Law § 105.10 [1]). The latter is, therefore, not a lesser included offense of the former (see, People v Glover, 57 NY2d 61). Conspiracy is an offense separate and distinct from the crime that is the object of the conspiracy (see, People v McGee, 49 NY2d 48, 57, cert denied sub nom. Quamina v New York, 446 US 942).

Additionally, we find the trial court's instructions in regard to the corroboration of the accomplices' testimony to have been adequate, for it informed the jury that it was for them to decide whether the corroborative testimony was sufficient (People v Williams, 104 AD2d 714).

In regard to defendant's claim of intoxication, the trial court charged that evidence thereof "may be considered by you to negate the culpable mental state required for the commission of the offense". While this summary of the applicable statute (Penal Law § 15.25) should have been more fully explained, we do not consider the trial court's failure to do so to be reversible error (see, People v Crimmins, 36 NY2d 230, 242).

Additionally, the trial court's explanation of Penal Law § 20.00 and its refusal to charge that section in the precise words requested by defendant was proper. While, in the abstract, defendant's request that "[m]ere presence at a scene of the crime and knowledge that a crime is being committed are not sufficient to establish that the defendant aided and abetted the crime unless you find beyond a reasonable doubt that defendant was a participant and not merely a knowing spectator" is a correct legal axiom, there was no requirement for the court so to charge in this case in view of the evidence establishing defendant's participation. On the facts of this case, the trial court charged appropriately that defendant could be held liable for the acts of another if it be found that defendant, with the mental culpability to commit the crime solicited, requested, commanded, importuned or intentionally aided him to commit the robbery (see, Penal Law § 20.00; see also, People v Gibson, 65 AD2d 235, 237, lv denied 46 NY2d 1080, cert denied 444 US 861).

The trial court's Sandoval rulings were also correct. Between 1973 and 1979, defendant was convicted four times of five separate crimes, i.e., unauthorized use of a motor vehicle, burglary in the second degree, criminal possession of a weapon in the fourth degree, sexual abuse in the third degree and assault in the third degree. Questions on these crimes, all different and discrete from the crime charged, were permissible to show "a continued willingness on defendant's part to place his own interests above those of society" (People v Rawlins, 105 AD2d 552).

Finally, we perceive no merit in defendant's contention that the trial court erred in refusing to take judicial notice of the New York statute defining legal blindness. That statute is irrelevant to these proceedings. Defendant can hardly claim prejudice from this ruling when he was permitted to offer expert testimony to show that he was legally blind and that his vision was probably limited to a distance of 50 feet, except for headlights which he could see from a greater distance.

The judgment of conviction should, accordingly, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.