■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. EMERSON, Appellant.—Casey, J. Appeal from a judgment of the County Court of St. Lawrence County (Intemann, Jr., J.), rendered May 22, 1985, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On September 11, 1984, defendant and Geoffrey Cary accompanied Thomas Williams, admitted to be an intellectually slow person whom they had known for four or five years, to the St. Lawrence National Bank in the Town of Potsdam, St. Lawrence County. There Williams withdrew $200 from his account and gave it to Cary and defendant on Cary's promise that he needed it and would use it to visit his sick son in Syracuse. In the afternoon of the same day, the trio again returned to the bank and Williams withdrew $300 and gave it to Cary and defendant. A factual dispute arose from the trial evidence as to the reason for this withdrawal. Williams claimed that

---

defendant told him that Williams owed a fine to the Potsdam Police Department arising out of a dispute Williams had had with his landlord, and that defendant would pay the fine on Williams' behalf. Although, there was such a dispute, it is uncontroverted that no fine against Williams was ever imposed and that one was due and owing. In any event, Williams testified that although he remembered no fine being due, he called the Potsdam Police Department on the following day to be certain. Williams further testified that he parted with the money out of fear of defendant and Cary. Defendant testified in his own behalf that he asked Williams for $300 to pay a fine that defendant owed to the Police Court of the Town of Gouverneur for a motor vehicle violation. Defendant did in fact owe such a fine. This fine was never paid, however, and the money was split between defendant and Cary. Some of it was spent by the two drinking with Williams.

On these facts and circumstances, defendant and Cary were charged by indictment with a single count of grand larceny in the third degree in that they stole property from Williams in excess of $250. Cary was permitted, pretrial, to enter a plea of guilty to the crime of petit larceny. Defendant was tried and convicted as charged by a jury and was sentenced as a second felony offender to an indeterminate prison term of 2 to 4 years.

On this appeal, defendant mainly contends that County Court's charge, confined as it was to the crime of larceny by false promise (see, Penal Law § 155.05 [2] [d]), was legally insufficient due to the court's refusal to charge the necessity of Williams' reliance on the promises made as an element of that crime. We disagree. A person commits larceny by false promise under Penal Law § 155.05 (2) (d): "when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he or a third person will in the future engage in particular conduct, and when he does not intend to engage in such conduct or, as the case may be, does not believe that the third person intends to engage in such conduct." (See, People v Ryan, 41 NY2d 634, 638-639.) The trial evidence as outlined above provided ample basis for the jury to have concluded that the quoted portion of Penal Law § 155.05 (2) (d) was violated. Contrary to defendant's argument, the statute does not require reliance on the promises made, and we do not consider the lack of such a requirement to be a legislative oversight.

More critical to this appeal is the next part of the statute

which provides that: "defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. Such a finding may be based only upon evidence establishing that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]). *(See, People v Ryan, supra,* p 639.) This higher statutory requirement of proof on the issue of defendant's intention was properly charged by County Court, and the jury's determination was amply supported by Williams' version of the events which the jury obviously accepted. From Williams' testimony, it could be concluded that defendant obtained $300 from Williams based on defendant's false promise to pay a fine that Williams owed to the Potsdam Police Department; that Williams owed no such fine; and that after obtaining the money, defendant split it with Cary and used some of it for the purpose of drinking with Cary and Williams. This conduct was wholly inconsistent with innocent intent on behalf of defendant and sufficient to permit the jury to exclude to a moral certainty every hypothesis except that of defendant's intention or belief that the promise would not be performed.

We note that defendant was convicted only of the theft of $300 by false promise and, therefore, we do not consider the propriety of County Court's charge of the theft of $200 as petit larceny as a lesser included crime of this single-count indictment.

Defendant's further claim of error is based on County Court's ruling on his *Sandoval* motion. County Court ruled that in the event that he elected to testify, defendant could be questioned about five prior convictions of assault in the third degree, a burglary in the third degree conviction and a petit larceny conviction. Defendant did testify and his counsel elicited all the convictions allowed. Defendant's counsel did not examine defendant concerning the underlying acts of any of the crimes. On cross-examination, the prosecution never queried defendant about these prior crimes. We find no abuse of County Court's discretion permitting inquiry about crimes different and discrete from the crime charged to show defendant's willingness to place his own interests above those of society *(see, People v Tyler,* 111 AD2d 528), or in permitting inquiry about defendant's one prior conviction of petit larceny,

a crime similar to that for which defendant was being tried *(see, People v Torres,* 110 AD2d 794).

We have examined defendant's other claimed errors and found them to be unsubstantial. The judgment of conviction should therefore be affirmed.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.