■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURIE L. KELLOGG, Appellant. [621 NYS2d 418] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her of manslaughter in the first degree, burglary in the first degree, felony murder in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. That judgment stems from the participation of defendant in the shooting of her husband by Denver McDowell while her husband was sleeping at his Seneca Lake cottage.

We reject the contention of defendant that the jury verdicts acquitting her of intentional murder in the second degree and convicting her of burglary in the first degree are repugnant. Our review is limited to whether the elements of the crimes, as charged to the jury, are inherently inconsistent (see, People v Tucker, 55 NY2d 1, 6-8, rearg denied 55 NY2d 1039). The trial court instructed the jury that, in order to find defendant guilty of burglary in the first degree as an accessory, the People were required to prove that, at the time of unlawful entry, she shared McDowell's intent to commit intentional murder. The court repeatedly instructed the jury that the burglary was complete once McDowell unlawfully entered the

cottage with the intent to commit murder. With respect to the intentional murder charge, the jury was instructed that defendant must share the intent to kill her husband at the time McDowell fired the shot. Given that charge, those jury verdicts are not repugnant.

We likewise conclude that the verdicts convicting defendant of manslaughter in the first degree and acquitting her of conspiracy in the first, second, third and fourth degrees are not repugnant. A defendant may be an accessory to manslaughter without entering into an agreement with others that such crime be committed (People v Tyler, 111 AD2d 528, 529-530).

The People presented legally sufficient evidence to prove that McDowell was neither licensed nor privileged to enter the cottage, and thus to support the jury verdict finding defendant guilty of burglary in the first degree. The cottage was owned by the victim and his siblings. Defendant was not an owner, and, as the victim's spouse, was a mere licensee with respect to the premises (see, Phelps v Phelps, 143 NY 197). Defendant testified that her husband hated McDowell and that he would not allow McDowell inside the marital residence in Pennsylvania or inside the cottage at Seneca Lake. In our view, that evidence warrants the inference that the victim, as a co-owner, did not permit defendant to allow McDowell into the residence and that his entry on the night of the shooting was unauthorized.

During the trial, the jury foreperson suffered a heart attack and was replaced by the first alternate juror. The court properly determined that the alternate replaced the discharged juror for all purposes, including assumption of the role of foreperson (see, CPL 270.35; People v Rosa, 122 Misc 2d 905).

The court did not commit reversible error in refusing to excuse juror number 8 for cause. Defendant did not exercise a peremptory challenge to excuse that juror and failed to exhaust all of her peremptory challenges during jury selection (see, CPL 270.20 [2]; People v Pitsley, 185 AD2d 645, lv denied 81 NY2d 792).

Although the sentencing court erred in proceeding with a reading of the victim impact statement in defendant's absence, that error does not warrant reversal (cf., People v Favor, 82 NY2d 254, rearg denied 83 NY2d 801). Defendant was present for the reading of all portions of the statement to which she could have made a meaningful response. The trial

court also erred in allowing the prosecutor to read into evidence the titles of various chapters in a psychology textbook for the purpose of refreshing the recollection of defendant concerning whether she had used that textbook in a college course (see, People v Ferraro, 293 NY 51, 56; Brown v Western Union Tel. Co., 26 AD2d 316). That error, however, did not deprive defendant of a fair trial.

Defendant contends that the court's jury instructions and responses to inquiries from the jury were erroneous in numerous respects. Many of the alleged errors pertain to crimes of which defendant was acquitted and any error with respect to those crimes is harmless. Defendant's remaining contentions that the court erred in instructing and re-instructing the jury are lacking in merit.

Likewise without merit are defendant's contentions that the court erred in permitting rebuttal evidence and that the sentence imposed is harsh or excessive. The court erred, however, in imposing consecutive indeterminate terms of imprisonment for criminal possession of a weapon in the second degree and manslaughter in the first degree (see, Penal Law § 70.25 [2]; People v Perez, 45 NY2d 204, 210-211; People v Johnson, 149 AD2d 910, lv denied 76 NY2d 1022). We modify the judgment to direct that the terms of imprisonment imposed for those crimes run concurrently. (Appeal from Judgment of Seneca County Court, Falvey, J.—Murder, 2nd Degree.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.