■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARCHESE, Appellant. [689 NYS2d 91] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered April 11, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

Since defendant asked the court to assign the foreperson's duties to juror number two, rather than the first alternate, who had replaced the original foreperson after the jurors had been sworn, defendant waived his current objections. Although, under CPL 270.35, the first alternate should have replaced the discharged foreperson for all purposes (*People v Kellogg*, 210 AD2d 912, 913, *lv denied* 86 NY2d 737; *People v Rosa*, 122 Misc 2d 905), we find this irregularity to be waivable (*see, People v Agramonte*, 87 NY2d 765, 769-770; *People v Webb*, 78 NY2d 335, 338-339). In any event, the error could not have caused any prejudice to defendant because the law recognizes no special function for a foreperson except to speak for the jury (*People v Rosa, supra*). Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.