■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURGESS, Appellant. [719 NYS2d 649] —Judgment,

Supreme Court, New York County (Nicholas Figueroa, J.), rendered December 18, 1996, as amended March 3, 1997, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 5½ years and 2½ to 5 years, respectively, unanimously affirmed.

The court's decision to designate the second-drawn juror as foreperson, over defendant's objection, after the first-drawn juror refused to serve in that capacity, does not warrant reversal (*see*, CPL 470.05 [1]). Although CPL 270.15 (3) requires the first-drawn juror be designated foreperson, and, assuming arguendo, that the court should have either insisted that the first-drawn juror perform that duty or be discharged, the designation of the second-drawn juror could not have caused any prejudice to defendant because the law recognizes no special function for a foreperson other than acting as the jury's spokesperson (*see*, *People v Marchese*, 261 AD2d 104, *lv denied* 93 NY2d 1022; *People v Demchenko*, 259 AD2d 304, *lv denied* 93 NY2d 923; *People v Rosa*, 122 Misc 2d 905).

The court properly exercised its discretion in denying defendant's mistrial motion, the only remedy requested, when, during deliberations, one juror had health problems and another juror expressed concern about a personal problem creating time constraints. The court inquired into the concerns of each of the two jurors and determined that both jurors' problems had abated, that both agreed to continue deliberations and that both were fully capable of continued service (*see*, *People v Page*, 72 NY2d 69). Defendant's remaining contentions concerning events during jury deliberations are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

On the present record, we find that defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714) and that defendant has not established that a speedy trial motion would have had any reasonable possibility of success. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.