# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**253**
**KA 06-01240**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BRANDY ALEXANDER, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 22, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), criminal possession of a controlled substance in the seventh degree (§ 220.03) and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). Defendant contends that County Court erred in designating the second-drawn juror as foreperson after the original foreperson asked to be relieved of that responsibility, and that preservation of her contention is not required because the court thereby committed a mode of proceedings error. Contrary to defendant's contention, such a designation, even if erroneous, would not constitute a mode of proceedings error (*see People v Marchese*, 261 AD2d 104, 104, *lv denied* 93 NY2d 1022; *see generally People v Agramonte*, 87 NY2d 765, 769-770). In any event, defendant's contention that the court erred in designating the second-drawn juror as foreperson is without merit (*see People v Burgess*, 280 AD2d 264, 265, *lv denied* 96 NY2d 798). Viewing the evidence, the law and the circumstances of this case, in totality and at the time of representation, we further conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to the further contention of defendant, the court

properly denied her severance motion.  Defendant failed to preserve for our review her contention that the court erred in denying her motion to sever the counts against defendant and her codefendant, which were joined in a single indictment (*see* CPL 470.05 [2]; *cf. People v Chestnut*, 19 NY3d 606, 611 n 2).  In any event, we conclude that her contention lacks merit (*see People v Boyd*, 272 AD2d 898, 898, *lv denied* 95 NY2d 850; *see also* CPL 40.10 [2]; 200.40 [1]).  We also reject the contention of defendant that the court abused its discretion in denying her motion to sever her trial from that of her codefendant (*see People v Clark*, 66 AD3d 1489, 1489-1490, *lv denied* 13 NY3d 906).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court